**In re Katherine HONEY, Debtor.**

**In re Derrick A. LOVE, Debtor.**

**In re Thelma WHIGHAM, Debtor.**

**In re Lee Anne HALL, Debtor.**

**Bankruptcy Nos. 93–54012–R, 94–46193–R, 94–49444–R and 95–50560–R.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Sept. 6, 1995.

Gary Boren, Dearborn, MI, for Honey.

Jack Berman, Livonia, MI, for Love.

Stuart Rudick, Southfield, MI, for Whigham.

Richard Nahabedian, Southfield, MI, for Hall.

Julie Canner, Troy, MI, for Ford Motor Credit.

Richardo Kilpatrick, Rochester Hills, MI, for LSI Financial Grp.

## SUPPLEMENTAL OPINION [1]

STEVEN W. RHODES, Chief Judge.

The following are the facts in each of these four Chapter 13 cases:

1. Paragraph I–D of the debtor's confirmed plan provides that upon confirmation of the plan, all property of the estate shall vest in the debtor, as permitted by 11 U.S.C. § 1327(b).

2. Following confirmation, the debtor did not make all of the payments required by the plan.

3. As a result, a secured creditor filed a motion for relief from the stay.

At the hearings on these motions, the Court concluded that relief from the stay was unnecessary because the stay was no longer in effect.

Section 362(c)(1) of the Bankruptcy Code provides:

> [T]he stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate[.]

Because each of the plans filed by these debtors provides for the vesting of all estate property in the debtor upon confirmation, the stay terminated as to such property upon confirmation. *See* 2 Keith M. Lundin, *Chapter 13 Bankruptcy* § 6.27, at 6–91 (2d ed. 1994) and the cases cited therein.

At the hearing, counsel for debtor Katherine Honey argued that even if in these circumstances the stay of an act against estate property terminates upon confirmation, section 362(a)(5) would still operate as a stay of the actions proposed by the secured creditor. That section provides that a petition operates as a stay of "any act to . . . enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case . . . ." 11 U.S.C. § 362(a)(5).

The difficulty with this argument is that the stay set forth in section 362(a)(5) never applied to the property in question, because after the petition was filed, the property was not "property of the debtor"; rather, it was "property of the estate." The subsection applies primarily to exempt property. *See* 2 *Collier on Bankruptcy* ¶ 362.04[5], at 362–44 (Lawrence P. King ed., 15th ed. 1995). Accordingly, this argument should be rejected.

For these reasons, the Court concludes that the stay is no longer in effect in these cases, and the creditor's motion to lift stay is unnecessary.

---

1. This opinion supplements decisions made on the record in open court on July 13, 1995.